UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| THOMAS LAMARCO and DIANE LAMARCO, | **ANSWER** |
| Plaintiff, | |
| -against- | 22-cv-04629(GRB)(JMW) |
| SUFFOLK COUNTY, New York, Commissioner RODNEY HARRISON, Individually and in his Professional capacity, Captain WILLIAM SCRIMA, Individual, Sgt. WILLIAM WALSH, Individually, Police Officer "John" PLIHCIK, Individually, and 'JOHN DOES 1-5", Individually, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____

Defendants, County of Suffolk (sued herein as Suffolk County, New York) Rodney Harrison, William Scrima, William Walsh and "John" Plihcik by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiffs' complaint respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1, 2, 3, 4 and 5 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict

proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 7, 8, 29, 30, 31, 32, 34, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 72, 73, 74, 75 and 81 of the complaint.

1

3. Deny, upon information and belief, the allegations contained in the paragraphs numbered 9, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 33, 41, 42, 43, 44, 45, 46, 65, 66, 67, 68, 69, 70, 76, 77, 78, 79, 80, 83 and 84 of the complaint.

4. Deny each and every factual allegation contained within paragraphs of the complaint numbered 35, 36, 37, 38, 39, 40, 64 and 81 and refer all questions of law to the Court.

## AS TO COUNT I

5. Answering the paragraph numbered 85 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Deny upon information and belief, the allegations contained in the paragraph numbered 86 of the complaint.

## AS TO COUNT II

7. Answering the paragraph numbered 87 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. Deny, upon information and belief, the allegations contained in the paragraph numbered 88 of the complaint.

## AS TO COUNT III

9. Answering the paragraph numbered 89 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

10. Deny, upon information and belief, the allegations contained in the paragraph numbered 90 of the complaint.

## AS TO COUNT IV

11. Answering the paragraph numbered 91 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

12. Deny, upon information and belief, the allegations contained in the paragraph numbered 92 of the complaint.

## AS TO COUNT V

13. Answering the paragraph numbered 93 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

14. Deny, upon information and belief, the allegations contained in the paragraph numbered 94 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. That the damages sustained by plaintiffs, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiffs have failed to join.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. That plaintiffs are guilty of laches and are therefore barred from maintaining this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

24. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

25. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

26. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

27. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, defendants demand judgment against plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
       September 1, 2022

Yours etc.,
Dennis M. Cohen
Suffolk County Attorney
Attorney for Defendants County of Suffolk,
Harrison, Scrima, Walsh and Plihcik
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

/s/ Arlene S. Zwilling
By: Arlene S. Zwilling
Assistant County Attorney

TO:

Amy Bellantoni, Esq.
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583