# INDIVIDUAL PRACTICE RULES OF MAGISTRATE JUDGE JAMES M. WICKS

United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722
Chambers: (631) 712-5620
Fax: (631) 712-5627
Courtroom Deputy: Doreen Flanagan:
Tel.: (631) 712-5625
Law Clerks:  Jaclyn Ruggirello / Tracy Weinstein
Wicks_Chambers@nyed.uscourts.gov

**Effective April 26, 2021, reflecting changes as of June 8, 2022**

# Table of Contents                                                                 Page

**COMMUNICATIONS WITH CHAMBERS**………………………………………….   1
   TELEPHONE CALLS…………………………………………….………………….   1
   LETTERS……………………………………………………………………………….   1
   FAXES………………………………………………………………………………….   1
   REQUESTS FOR ADJOURNMENTS OF EXTENSIONS OF TIME…………………......   1
   EXPECTATIONS FOR REMOTE APPEARANCES……………………………………….   1

**ELECTRONIC FILING ("ECF")**………………………………………………...   2

**MOTIONS**………………………………………………………………………   3
   DISCOVERY OR OTHER NON-DISPOSITIVE MOTIONS……………………………………………………………………………...   3
   DISPOSITIVE MOTIONS…………………………………………………………......   3
   GENERAL MOTION PRACTICES FOR MOTIONS MADE ON NOTICE (NOT LETTER MOTIONS)…………………………………………………………….......................   3
   SUBMISSION OF DISPOSITIVE MOTIONS IN CASES WHERE THE PARTIES HAVE CONSENTED TO HAVE MAGISTRATE JUDGE WICKS FOR ALL PURPOSES………..   4
   MOTIONS IMPLICATING FRAP 4(a)(4)(A) OR SIMILAR TIME-LIMITING RULES……………………………………………………………………………....   5
   MOTIONS FOR ADMISSION "PRO HAC VICE"……………………………………...   5

**DEPOSITIONS**……………………………………………………………….   5

**SETTLEMENT CONFERENCES**…………………………………………………..   6

**PRETRIAL PROCEDURES IN CASES ASSIGNED TO MAGISTRATE JUDGE WICKS FOR ALL PURPOSES**………………………………………………....   6
   JOINT PRETRIAL ORDERS…………………………………………………………….   6
   FILINGS PRIOR TO TRIAL…………………………………………………………..   8

**CONFERENCES**……………………………………………………………...   8
   INITIAL CONFERENCES……………………………………………………………….   8
   FINAL PRE-TRIAL CONFERENCES…………………………………………………...   8

Unless otherwise ordered, all matters before Judge Wicks shall be conducted in accordance with the following practice rules:

1. **Communications with Chambers**

    A. **Telephone Calls**

    Telephone calls to Chambers are permitted so long as counsel for all parties are on the line, subject to the rules set forth below in Rule 1.D. All questions regarding docketing, scheduling or criminal matters should be directed to the Courtroom Deputy, Doreen Flanagan. Other questions should be directed to the Law Clerks at the main Chambers number above. Parties appearing *pro se* should not call Chambers, but rather should call the *pro se* office ((631) 712-6060) with any inquiries.

    B. **Letters**

    All letters sent to the Court are to be filed via ECF (*see* Rule 2 below) unless otherwise directed by the Court. There shall be no *ex parte* submissions to the Court, with the exception of the confidential settlement materials outlined in Rule 5.B, *infra*.

    C. **Faxes**

    Faxes to Chambers are not permitted without prior authorization.

    D. **Requests for Adjournments or Extensions of Time**

    All requests for adjournments or extensions, absent an emergency, shall be made **in writing at least two (2) business days prior to the scheduled appearance**. Further, all requests for adjournments or extensions of time must state: (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether those previous requests were granted or denied, (4) **the reason(s) why an adjournment or extension is necessary**, and (5) whether all parties consent (including reasons why any party is withholding consent). Both requests for adjournments and for extensions of time **must** be filed through ECF as "MOTIONS." If the requested adjournment or extension affects any other scheduled date, a proposed revised date(s)/briefing schedule must be provided.

    E. **Expectations for Remote Appearances**

    The Court expects counsel to demonstrate the same professionalism for virtual appearances as they would for in-person appearances. This includes appropriate attire as if appearing in person in court, appropriate video backgrounds, and

ensuring ahead of time that the technology necessary for the appearance is sufficient and functioning properly so that the Court may hear and see those appearing.

2. **Electronic Case Filing ("ECF")**

   A. Regardless of the District Judge assigned, **all documents** directed to Magistrate Judge Wicks in civil actions MUST be filed electronically, with a limited exception as stated in Rule C below. ECF procedures are available on the Court's website [http://www.nyed.uscourts.gov]. Questions regarding ECF filing or training should be directed to Grisel Ortiz in Central Islip at (631) 712-6031, or Evelyn Levine in Brooklyn at (718) 260-2312.

   B. Hard copies or courtesy copies *generally* do not need to be sent to Chambers, with the following exceptions: (1) where a letter motion with exhibits or attachments exceeds 20 pages, or (2) motions referred from District Court Judges or motions on notice made to Magistrate Judge Wicks. All such papers must be clearly marked "Courtesy Copy" and indicate that the original was filed by ECF.

   C. The following documents are exempt from electronic filing and should only be filed in hard copy:

      1. Documents filed subject to a court-ordered confidentiality agreement.

      2. *Ex parte* settlement or mediation statements submitted in accordance with Rule 5.B, *infra*.

      3. Litigants proceeding *pro se* are exempt from ECF requirements. Parties represented by counsel, however, must file documents electronically, even in *pro se* cases. Counsel must also provide copies of any electronically filed documents to *pro se* litigants. *Pro se* litigants are directed to make any filings via hand delivery or U.S. mail to the designated "*Pro Se* clerk" in the Clerk's office, to the attention of Magistrate Judge Wicks and the appropriate District Judge, *and* by delivering a copy to the attorney for the opposing party. Court orders will be provided to *pro se* litigants by U.S. mail at the current address listed on the docket sheet. *Pro se* litigants must keep current contact information on file with the Court, or risk dismissal of claims or other sanctions. All *pro se* litigants and represented parties opposing *pro se* litigants are directed to the relevant Local Civil Rules, including 12.1, 33.2, and 56.2

3. **Motions**

   A. **Discovery and Other Non-Dispositive Motions**

   **Discovery motions** may be made by letter motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "MOTION." No pre-motion conference is required. Unless the Court orders otherwise, the length of the papers shall be as follows: Letter motions shall not exceed three pages in length, exclusive of attachments. A response not exceeding three pages in length, exclusive of attachments, must be served and filed within four (4) days of receipt of the letter motion. **Replies are not permitted on letter motions**. Parties must make a good faith effort, pursuant to Local Civil Rule 26.4 and 37.3(a), to resolve disputes **before** making a motion. There will be no oral argument on letter motions unless the Court orders otherwise. Any motion seeking (i) a **stay of discovery**; (ii) the **sealing** of court documents; or (iii) **other non-dispositive relief**, such as motions for leave to amend, shall be made in accordance with Rule 3.C, *infra,* and not by letter motion under this rule.

   B. **Dispositive Motions**

   **Dispositive** motions must be made to the presiding District Judge in conformance that Judge's Individual Rules, unless the parties have consented to Magistrate Judge Wicks for all purposes in accordance with 28 U.S.C. § 636 (c)(1). For any dispositive motion that is to be made before Judge Wicks -- either for a Report and Recommendation or for all purposes in a consent case -- service of the pre-motion letter motion within the time requirements of Fed. R. Civ. P. Rules 12 or 56 shall constitute timely service of a motion made pursuant to those provisions.

   C. **General Motion Practices for Motions Made on Notice (Not Letter Motions)**

      1. **Service and filing:**

         A. No motion papers shall be filed until the motion has been fully briefed. That is, the parties shall serve each other with moving papers, opposition papers and reply, if any. Once motion is fully briefed (all papers served), then each party must file its own papers on ECF on the date the last paper was served. This Rule is subject to Rule 3.E, *infra.*

         B. The parties are to set their own briefing schedule which is then to be submitted to the Court for approval. No revisions to the schedule will be made without the Court's approval. Such applications for further revisions shall be made pursuant to Rule 1.D, *supra.*

    **C.** Each party shall be responsible for filing its own motion papers via ECF on the date the reply brief is scheduled to be filed or any return date stated in the approved briefing schedule. Parties are to confer to ensure that all papers are being filed on the same day.

  **2. <u>Memoranda of Law</u>**

  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall contain both a table of contents and a table of authorities. The page limitations are exclusive of tables of contents and authorities. Case citations must contain pinpoint cites. All memoranda of law must use one-inch margins, double spacing, and 12-point font. Legal arguments must be set forth in a memorandum of law; affidavits or declarations containing legal argument will be rejected. *See* EDNY Local Civil Rule 7.1. **Any memoranda, affidavits, or declarations not complying with the requirements set forth herein will be rejected.**

  **3. <u>Courtesy Copies</u>**

  After electronic filing, one hard copy of the motion papers, marked as "Courtesy Copy," should be submitted to Magistrate Judge Wicks, unless the Court orders otherwise. Courtesy copies of dispositive motions made to the District Judge should **not** be provided to the Magistrate Judge.

  **4. <u>Oral Argument on Motions</u>**

  Where the parties are represented by counsel, oral argument may be held on motions made on notice (as opposed to Letter Motions, *see* Rule 3.A), if either party requests oral argument or the Court orders oral argument. Within one week of filing fully briefed motions, the parties are to confer with each other and contact the Court to set a mutually acceptable date for oral argument.

**D.**   **Submission of Dispositive Motions in Cases Where the Parties Have Consented to Have Magistrate Judge Wicks for All Purposes**

    **1.** No pre-motion conference is required. However, prior to filing such a motion, the movant is required to submit a letter of no more than two pages in length (a) briefly stating the relief sought by the motion, **and** (2) setting forth a briefing schedule that has been agreed upon by the parties. The

       briefing schedule is subject to approval by the Court and no papers may be filed until such approval is given. No opposing letter shall be filed, unless relief is being sought by that party through a cross-motion, in which case the letter must be filed within two (2) business days of the movant's letter.

    **2.**    All motions for summary judgment must comply with Rule 56 of the Federal Rules of Civil Procedure as well as Local Civil Rule 56.1 ("Rule 56.1"). If the non-movant is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2.

**E.**    **Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules**

If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices (*see* Rule 3.C1.A, *supra*) will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

**F.**    **Motions for Admission "Pro Hac Vice"**

A motion for admission *pro hac vice*, together with a proposed order admitting the attorney *pro hac vice*, shall be served and filed electronically at least seven (7) days prior to the return date designated in the notice of motion. Although there is no need to file a memorandum of law, **this motion must comply with Local Civil Rule 1.3.** These motions will be on submission. If any party objects to the motion, opposition papers must be served and filed at least two (2) days prior to the return date. No reply papers are permitted. Failure to comply with this or Local Civil Rule 1.3 will result in denial of the motion.

**4.**    <u>**Depositions**</u>

    **A.**    If contested issues arise during the course of a deposition, the parties must first make a good faith attempt to resolve the dispute among themselves. If a resolution cannot be achieved thus necessitating court intervention, then pursuant to Local Rule 37.3(b), the parties are directed to contact the Court immediately by telephone. If the deposition is being conducted virtually, the Court *may* request the parties to forward a link to join. The Court will either resolve the issue during the deposition or reserve and possibly require letter briefs. In the event the Court is unable to join the call, then the parties shall have the court reporter mark the transcript where the dispute arose, and the parties shall move on to further topics. Under no circumstances may the parties discontinue the deposition without first attempting to contact the Court.

    **B.**    If depositions are to be taken virtually or remotely pursuant to Fed. R. Civ. P. 30(b)(4), the counsel are directed to the Court's template for a Stipulation and

[Proposed] Order for the Protocol on the Conduct of Remote Depositions for guidance. Conducting in-person depositions is not always feasible. This template is an example of a stipulated order the parties can use in connection with arranging for and conducting remote depositions. The form can also be adapted for use in connection with depositions conducted by telephone. The parties are of course free to agree on whatever terms they see fit, consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court. Accordingly, the template may be modified to suit the needs of the parties and the case.

5. **Settlement Conferences**

   A. ***Requests for Settlement Conference.*** Magistrate Judge Wicks is available to conduct settlement conferences at any stage of the case. If the parties desire a settlement conference, then a joint letter should be filed requesting a conference. The letter should contain three dates when all counsel AND party representatives with full authority to settle the matter are available, and the Court will advise of the scheduled date. All settlement conferences will be held in person or remotely depending on the circumstances.

   B. ***Confidential Submissions.*** At least seven (7) days prior to the scheduled settlement conference, the parties shall submit confidential *ex parte* settlement statements no longer than ten (10) pages addressing the following five areas:

      1. Brief recitation of the facts, referencing ECF docket entries where appropriate.
      2. Legal position, with hyperlinks to any authority cited. No need for string cites.
      3. History of settlement efforts, if any.
      4. Any perceived impediments to settling (*e.g.,* monetary/non-monetary/emotional, etc.)
      5. Realistic settlement position.

      To the extent key documents are relied upon that have not already been filed on ECF, then the documents should be provided to the Court with the settlement statement. All settlement statements and supporting documents shall be emailed to the Court at Wicks_Chambers@nyed.uscourts.gov, and **NOT shared** with the adversary and **NOT filed on ECF.**

6. **Pretrial Procedures in Cases Assigned to Magistrate Judge Wicks for All Purposes**

   A. ***Joint Pretrial Orders***. The parties shall submit a joint pretrial order 5 business days prior to the pre-trial conference, unless otherwise specified in the scheduling order,

which includes the following:

1. the full caption of the action;

2. the names (including firm names), addresses telephone (office and cell) and email addresses of trial counsel;

3. a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

4. a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter, but including citations to all statutes on which the party is relying. The parties shall also list all claims and defenses previously asserted that are not to be tried;

5. a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

6. a description of whether the parties intend to utilize electronic presentation of evidence or exhibits;

7. any stipulations or statement of facts that have been agreed to by all parties;

8. a witness list identifying all percipient or fact witnesses and expert witnesses whose testimony is to be offered in its case in chief, with an indication of whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except for good cause shown;

9. a designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and,

10. a list of exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties who will be offering them. The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to attempt to resolve before trial all evidentiary issues. Only the exhibits listed will be received in evidence except for good cause shown. All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they

       should be placed in binders with tabs.

**B.**    ***Filings Prior to Trial.*** Unless otherwise ordered by the Court, each party shall electronically file the following items prior to the commencement date of trial as set forth below:

    1.    For <u>*Jury Trials:*</u> The following shall be filed with the Court ten (10) days prior to trial: proposed *voir dire* questions; proposed jury charges; final witness lists; exhibit lists, including demonstratives; and any stipulations of fact;

    2.    For <u>*Non-Jury Bench Trials:*</u> The following shall be filed with the Court ten (10) days prior to trial: pre-trial memoranda of law (including the legal authority relied upon in support of the claims and defenses to be tried); final witness lists; exhibit lists, including demonstratives; marked pleadings; and any stipulations of fact;

    3.    <u>Motions *in Limine*</u>: all motions addressing any evidentiary or other issue which should be resolved *in limine* are to be filed twenty (20) days prior to trial, with a courtesy copy to Chambers. Opposition, if any, shall be filed ten (10) days prior to trial, with a courtesy copy to Chambers. Replies, if any, should be made in the same manner five (5) days prior to trial. The form of papers in support of and opposing *in limine* motions shall be made by letter motion in accordance with Rule 3A above.

**7. <u>Conferences</u>**

   A. *Initial Conferences:*

Parties shall comply with Fed. R. Civ. P. 26(f) and submit their proposed discovery plan to the Court, along with the Discovery Plan Worksheet no later than 7 days prior to the scheduled Initial Conference date.

   B. *Final Pre-Trial Conferences:*

In cases that are *not* assigned to Judge Wicks for all purposes, the final pre-trial conference will be held in person in courtroom 1020. If the assigned District Judge requires one, a proposed joint pretrial order in compliance with that Judge's requirements and signed by counsel for each party must be filed by ECF five (5) days prior to the conference. In consent cases assigned to Judge Wicks for all purposes, the parties shall comply with Rule 6, *supra*.