10-11-'22 15:09 FROM- T-634 P0002 F-937
g 2/9 Case 2:22-cv-04629-GRB-JMW   Document 11   Filed 10/11/22   Page 1 of 8 PageID #: 65
Case 2:22-cv-04629-GRB-JMW   Document 10-1   Filed 09/06/22   Page 1 of 3 PageID #: 52

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Thomas LaMarco and Diane LaMarco,

                           Plaintiffs,        **PROPOSED RULE 26(f)**
                                               **SCHEDULING ORDER**
                                               **2:22-CV-04629 (GRB)(JMW)**

-against-

Suffolk County, New York, Commissioner
Rodney Harrison, Individually and in his
Professional capacity, Captain William Scrima,
Individually, Sgt. William Walsh, Individually,
Police Officer "John" Plihcik, Individually,
and "John Does 1-5", Individually,

                           Defendants.
----------------------------------------------------------------X

    **I.**     **DISCOVERY PLAN**

Pursuant to Rule 26(f)(3), the parties have conferred and jointly propose the following Discovery Plan:

    **A.**  The Parties [do/**do not**] anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

    **B.**  The Parties anticipate that discovery may be needed on at least the following subjects: [list subject(s) below]  **For Plaintiff: Discovery regarding policies and procedures of the SCPD Licensing Bureau**

    **C.**  Discovery Limitations. The Parties have conferred and [**do**/do not] believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

10-11-'22 15:10 FROM- T-634 P0003 F-937
g 3/9 Case 2:22-cv-04629-GRB-JMW Document 11 Filed 10/11/22 Page 2 of 8 PageID #: 66
Case 2:22-cv-04629-GRB-JMW Document 10-1 Filed 09/06/22 Page 2 of 3 PageID #: 53

**D. ESI Discovery**

Have counsel discussed the existence of electronically stored information and discussed the location and production of such information, as required by Rule 26? YES___ NO___

Have the parties entered into an ESI protocol stipulation? YES___ NO___

Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case, please check here: _____

*If needed, the parties are referred to the court's website for an ESI protocol template. https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks*

**\* At this time, Defendants have no access to their ESI due to an ongoing cyber attack.**

**E    Confidentiality**

Do the parties anticipate the need for a confidentiality stipulation and order?
YES _X_ NO___

*If needed, the parties are referred to the court's website for a Confidentiality Stipulation and Order template. https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks.*

**MAGISTRATE CONSENT**

Pursuant to 28 U.S.C § 636(c), the parties have the right consent to have all proceedings, including trial, before a Magistrate Judge at any time. *If the parties so consent, then the parties must file a Consent to Magistrate Judge form available on the Court's website. https://img.nyed.uscourts.gov/files/forms/ClerksNoticeofRule73.pdf).*

II.    The parties' agreed-upon proposal for when discovery should be completed is set forth in Section II below.

| Date | Event |
|---|---|
| 11/4/22 | Exchange of Rule 26(a)(1) disclosures |
| 12/02/22 | Service of first interrogatories and document demands |
| 12/27/22 | Responses to first interrogatories and document demands |
| 1/13/23 | Motions to join new parties or amend the pleadings |
| 1/13/23 | Meet and confer regarding 30(b)(6) depositions [CORPORATE DEPS] |

10-11-'22 15:10 FROM- T-634 P0004 F-937
g 4/9 Case 2:22-cv-04629-GRB-JMW  Document 11  Filed 10/11/22  Page 3 of 8 PageID #: 67
Case 2:22-cv-04629-GRB-JMW  Document 10-1  Filed 09/06/22  Page 3 of 3 PageID #: 54

_____: Status conference to be held via Zoom. The Court will email a Zoom invitation closer to the conference date. [DATE TO BE FILLED IN BY COURT]

3/15/23 : Completion of all fact depositions

3/30/23 : Identification of case-in-chief experts and service of Rule 26 disclosures

4/13/23 : Identification of rebuttal experts and service of Rule 26 disclosures

5/15/23 : Close of all discovery, including expert discovery

_____: Final date by which parties shall take the first step of summary judgment motion practice. Depending on the assigned district judge, the first action commencing the practice would be either requesting a pre-motion conference or initiating the exchange of Local Civil Rule 56.1 statements. Parties are required to consult the individual rules of the district judge regarding motion practice. [DATE TO BE FILLED IN BY COURT]

_____: Pretrial conference. If the assigned district judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. [DATE TO BE FILLED IN BY COURT]

This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing and filed in accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order *after* the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**COUNSEL:**

For Plaintiff(s) _Amy L. Bellantoni_

For Defendant(s) _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS LAMARCO and DIANE LAMARCO,

                      Plaintiff(s),   **CONFIDENTIALITY STIPULATION AND ORDER**
                                      22CV_4629_ (GRB) (JMW)

    -against-

SUFFOLK COUNTY, et al.,

                      Defendant(s).
----------------------------------------------------------------X

      It is hereby stipulated and agreed among the parties, and hereby approved by the Court, that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

    ____Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

    _X_Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    _X_Medical and Legal Records, including medical files and reports.

    ____Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

    If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the

1

REV. 4-20-20

responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

(f) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(g) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(h) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking

2

confidentiality to demonstrate that such designation is proper.

(i) If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the tendency of such subpoena or order.

(j) Additional Parties to Litigation. In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

(k) Subject to the Federal Rules and Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

(l) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(m) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(n) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(o) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: 10/11/2022

Counsel for Plaintiffs _Amy L. Bellantoni_

Dated:

Counsel for Defendants

3

REV. 4-20-20

**SO ORDERED:**

Dated: Central Islip, New York

_____, 20\_\_\_

_____
James M. Wicks
United States Magistrate Judge

4

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled:_____have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____  DATED: _____
[Signature]

Signed in the presence of:

_____
(Attorney)

5

REV. 4-20-20