# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THOMAS LAMARCO and DIANE LAMARCO,

                Plaintiffs,                22 Civ. 4629  (   )

  -against-

SUFFOLK COUNTY, New York, Commissioner
RODNEY HARRISON, Individually and in his
Professional capacity, Captain WILLIAM SCRIMA,
Individually, Sgt. WILLIAM WALSH, Individually,
Police Officer "John" PLIHCIK, Individually,
and "JOHN DOES 1-5", Individually,

                Defendants.
-----------------------------------------------------------x

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, THOMAS LAMARCO and DIANE LAMARCO, by and through their attorneys, The Bellantoni Law Firm, PLLC, for their Verified Complaint respectfully state:

### NATURE OF THE ACTION

1. This is an action for injunctive, compensatory, economic, punitive, and presumed money damages proximately resulting from the actions of the individually named defendants' violations of the plaintiff's Constitutional Rights under the Second, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

2. This action seeks a declaration that Suffolk County's policy of banning the right to possess firearms and seizing an individual's private property because, *inter alia*, the individual (i) resides with a person who is disqualified from possessing firearms and/or (ii) violated the 'licensing handbook' by not notifying the Licensing Bureau that officers responded to a "mental health assistance" call for another resident of the home violates the preexisting rights protected by the Second, Fourth, and Fourteenth Amendments to the Constitution.

1



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS LAMARCO and DIANE LAMARCO,

                      Plaintiffs,                  22 Civ. 4629   (    )

  -against-

SUFFOLK COUNTY, New York, Commissioner
RODNEY HARRISON, Individually and in his
Professional capacity, Captain WILLIAM SCRIMA,
Individually, Sgt. WILLIAM WALSH, Individually,
Police Officer "John" PLIHCIK, Individually,
and "JOHN DOES 1-5", Individually,

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

                      Defendants.
------------------------------------------------------------x

      Plaintiffs, THOMAS LAMARCO and DIANE LAMARCO, by and through their attorneys, The Bellantoni Law Firm, PLLC, for their Verified Complaint respectfully state:

## NATURE OF THE ACTION

      1.     This is an action for injunctive, compensatory, economic, punitive, and presumed money damages proximately resulting from the actions of the individually named defendants' violations of the plaintiff's Constitutional Rights under the Second, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

      2.     This action seeks a declaration that Suffolk County's policy of banning the right to possess firearms and seizing an individual's private property because, *inter alia*, the individual (i) resides with a person who is disqualified from possessing firearms and/or (ii) violated the 'licensing handbook' by not notifying the Licensing Bureau that officers responded to a "mental health assistance" call for another resident of the home violates the preexisting rights protected by the Second, Fourth, and Fourteenth Amendments to the Constitution.

1

3. Plaintiffs have lawfully owned and possessed firearms in Suffolk County for a combined term of over 25 years, without incident. Suffolk County's policy of seizing firearms and banning the possession of firearms by people who, like Plaintiffs, have neither committed an act nor suffered a disability warranting the termination of their preexisting and fundamental right to possess and carry a firearm for self-defense is unconstitutional and must be enjoined.

## JURISDICTION

4. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under of color of the laws, statutes, ordinances, regulations, customs, and usages of the State of New York, of rights, privileges or immunities secured by the United States Constitution.

5. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiffs, THOMAS LAMARCO and DIANE LAMARCO, (hereinafter "Plaintiffs"), are domiciled in the State of New York and residents of Port Jefferson Station, Suffolk County, New York.

8. Defendant, SUFFOLK COUNTY, New York (hereinafter the "County"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

9. Defendant, RODNEY HARRISON, (hereinafter "Commissioner Harrison"), at all times relevant herein, was employed by the County as the Police Commissioner of the Suffolk

County Police Department (hereinafter the "Department"). Commissioner Harrison is sued herein in his professional capacity only. As Police Commissioner, Commissioner Harrison is the statutory pistol licensing officer in Suffolk County. [see, Penal Law § 265.00(10)].

10. At all times relevant herein, as Police Commissioner, Commissioner Harrison has the authority to reinstate Plaintiffs' pistol licenses and return their property (firearms).

11. Defendant WILLIAM WALSH (hereinafter "Sgt. Walsh") was at all times relevant herein, assigned as the Executive Officer of the Suffolk County Pistol Licensing Bureau (hereinafter "Pistol Licensing Bureau") and an employee of Suffolk County. Defendant Walsh is sued herein in his individual and personal capacity only.

12. At all times relevant herein, Sgt. Walsh had actual authority to suspend and/or revoke the New York State Pistol Licenses of Suffolk County residents. In that capacity, Sgt. Walsh had, and continues to have, the authority to determine the return of Plaintiffs' property.

13. At all times relevant herein, Sgt. Walsh had the actual authority to order and require licensees, like Plaintiffs, to surrender their handguns to the Suffolk County Pistol Licensing Bureau.

14. At all times relevant herein, Sgt. Walsh had supervisory authority over the police officers and/or investigators assigned to the Pistol Licensing Bureau.

15. At all times relevant herein, Sgt. Walsh created the policies and procedures of the Licensing Bureau.

16. At all times relevant herein, Sgt. Walsh enforced and implemented the policies and procedures of the Licensing Bureau.

17. At all times relevant herein, Sgt. Walsh had the authority to make determinations regarding pistol license suspensions and revocations.

18. At all times relevant herein, Sgt. Walsh implemented and enforced the policies and procedures of the Licensing Bureau.

19. Defendant "JOHN" PLIHCIK (hereinafter "Officer Plihcik"), was at all times relevant herein, an employee of County of Suffolk and assigned to the Pistol Licensing Bureau. Defendant Plihcik is sued herein in his individual and personal capacity only.

20. At all times relevant herein, Officer Plihcik had the authority to make decisions regarding pistol license suspensions and revocations.

21. At all times relevant herein, Officer Plihcik had the authority to make recommendations to Sgt. Walsh regarding whether a pistol license should be suspended or revoked.

22. Officer Plihcik's recommendations were thereafter rubber-stamped by the head of the Pistol Licensing Bureau, and/or Sgt. Walsh and/or Captain William Scrima.

23. At all times relevant herein, Officer Plihcik implemented and enforced the policies and procedures of the Licensing Bureau.

24. Defendant WILLIAM SCRIMA (hereinafter "Captain Scrima") was at all times relevant herein, the Commanding Officer of the Suffolk County Pistol Licensing Bureau. Defendant Scrima is sued herein in his individual and personal capacity only.

25. As the Commanding Officer of the Suffolk County Pistol Licensing Bureau, Captain Scrima had the authority to suspend and/or revoke pistol licenses.

26. As the Commanding Officer of the Suffolk County Pistol Licensing Bureau, Captain Scrima had supervisory authority over the police officers and/or investigators assigned to the Pistol Licensing Bureau, including defendants Walsh, Plihcik, and John Does 1-5.

4

27. Captain Scrima created and/or continued to enforce and implement the policies and procedures of the Licensing Bureau.

28. Captain Scrima enforced and implemented the policies and procedures of the Licensing Bureau.

29. Defendant "JOHN DOES 1-5" (hereinafter "Does 1-5") were, at all times relevant herein, personally involved in enforcing and implementing the policies of the Licensing Bureau as described herein.

30. "Does 1-5" were, at all times relevant herein, personally involved in the decision to suspend Plaintiffs' pistol licenses and confiscate their personal property (firearms).

31. Does 1-5 are sued herein in their individual and personal capacities only.

32. At all times relevant herein, each of the individual defendants were acting on behalf of, and in furtherance of, their positions as law enforcement officers of the Suffolk County Police Department and Suffolk County.

33. Suffolk County is liable for the acts and omissions of the individual defendant law enforcement officers based on the existence of *Monell* liability, as set forth more fully below.

34. At all times relevant herein, each of the individual defendants was acting pursuant to the established policies and procedures of Suffolk County and the Suffolk County Police Department.

## THE MATERIAL FACTS

**I. The Second Amendment**

35. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

36. "[C]onsistent with *Heller* and *McDonald*, [] the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022); see *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts,* 577 U.S. __ (2016).

37. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126 (citation omitted).

38. "To justify its regulation, the government may not simply posit that the regulation promotes an important interest." *Ibid*.

39. "Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Ibid*.

40. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Ibid*.

*Suffolk County Pistol License Policy*

41. For over 8 years, it has been the policy and procedure of the Suffolk County Police Department and its Pistol Licensing Bureau (the "Department") to suspend, revoke, and/or refuse to issue a New York State pistol license to any licensee and/or applicant who resides with a third party who is, or who the Department believes may be, a person prohibited from possessing firearms.

42. For over 8 years, it has been the policy and procedure of the Department to suspend and/or revoke the New York State pistol license of a licensee who does not notify the Licensing Bureau when police officers from the Department respond to a mental health call at the licensee's residence.

43. The Department's policies and procedures as set forth herein are not consistent with this Nation's historical traditions.

44. America has no history or tradition of prohibiting an individual from possessing and/or carrying firearms because of the actions, status, and/or residence of a third party; nor any history or tradition of requiring medical and/or mental health records of a third party to be provided to the government before exercising the right to possess firearms for self-defense.

45. America has no history or tradition of requiring individuals to notify the police department that other police officers responded to their home – irrespective of the reason.

46. Defendants' policies and procedures violate the Second, Fourth, and Fourteenth Amendments to the United States Constitution.

*Facts Particular to Plaintiffs*

47. Plaintiffs reside in Suffolk County, New York with their adult son.

7

48. Plaintiffs have held valid New York State pistol licenses issued by the Suffolk County Police Department for 15+ and 10 years, respectively, without incident.

49. At no time have Plaintiffs suffered from any prohibitor to the possession, purchase, use, or ownership of firearms.

50. On April 9, 2021, Defendants suspended Plaintiffs' pistol licenses for reasons unrelated to Plaintiffs' eligibility to possess firearms.

51. Defendants suspended Plaintiffs' pistol licenses in April 2021 because police officers from the Department responded to Plaintiffs' home in 2017 for a "mental health assistance" call related to their adult son. [see, Exhibit 1].

52. Defendants suspended Plaintiffs' pistol licenses because Plaintiffs violated the Suffolk County Pistol Licensing Bureau "handbook". Specifically, Plaintiffs did not report to the Licensing Bureau the fact that in 2017 police officers from the Department responded to Plaintiffs' home for a "mental health assistance" call related to their adult son. [see, Exhibit 1].

53. Defendants did not learn of the "aided call" until Diane LaMarco submitted her application to statutorily renew her pistol license.

54. Defendants had actual knowledge that the 2017 mental health call was not related to Plaintiffs' mental health; the Notice of Suspension noted that the mental health assist call "involve[ed] a member of [Plaintiffs'] household." [Exhibit 1].

55. In 2017, Plaintiffs had contacted the Department, 6th Precinct, for assistance with transporting their adult son to a mental health facility, as he needed mental health services. [Exhibit 1]. Officers from the Department arrived; without incident, Plaintiffs' son was transported to a mental health facility.

8

56. The officers who responded to Plaintiffs' home in 2017 spoke with them about the presence of firearms in the home. Plaintiffs showed their gun safe to the officers, demonstrating that their firearms were safely stored in compliance with Penal Law § 265.45. The responding officers did not seize Plaintiffs' firearms.

57. It is the policy of the Suffolk County Police Department that when officers respond to a domestic incident and a resident of the home has a pistol license, that a copy of the report and/or DIR be sent to the Licensing Bureau.

58. Upon information and belief, the responding officers followed that protocol and sent a copy of the report and/or DIR to the Licensing Bureau in 2017.

59. The Department's Domestic Incident Report (DIR), which was completed by the responding officers, identifies Plaintiffs' adult son – and not Plaintiffs – as the individual in need of mental health assistance. [Exhibit 2].

60. The DIR indicates no offense was committed and no arrest was made. [Exhibit 2].

61. Defendants had actual knowledge of the contents of the DIR before suspending Plaintiffs' pistol licenses in 2021.

62. In New York State, it is a crime for an individual to possess a handgun without a valid pistol license.

63. The suspension of Plaintiffs' pistol licenses immediately rendered Plaintiffs' possession of their own property a criminal offense.

64. Defendants' suspension of Plaintiffs' pistol licenses constitutes an absolute bar to Plaintiffs' exercise of the right to possess and/or carry a handgun for self-defense.

9

65. Defendants simultaneously ordered Plaintiffs to immediately surrender their lawfully owned and registered handguns to the Suffolk County Pistol Licensing Bureau or their local precinct. [Exhibit 1].

66. Under the fear of arrest and/or prosecution if they did not comply, Plaintiffs were forced to surrender their handguns to Defendants in April 2021 under coercion.

67. At no time relevant to the allegations herein did Plaintiffs present a danger to themselves or others.

68. At all times relevant to the allegations herein, Plaintiffs stored their firearms in a locked safe and out of the control of any third parties, including their adult son with whom they resided.

69. Defendants' Notice of Suspension indicated that Plaintiffs would be "notified in writing of the result of the investigation." [Exhibit 1].

70. Pursuant to Department policy, Officer Plihcik told Plaintiffs that, as part of Defendants' 'investigation' - and if they ever hoped to have their pistol license reinstated - they were required to turn over their adult son's psychiatric records to be evaluated by himself and/or other Licensing Bureau workers.

71. Plaintiffs' adult son has never had a pistol license, nor has he ever owned any firearms.

72. Desiring to recover their property and ability to exercise their rights to self-protection, Plaintiffs unwillingly complied with Defendants' requirement and provided their adult son's confidential psychiatric records to the Licensing Bureau workers.

73. Pursuant to Department policy, Officer Plihcik also required Plaintiffs to write an explanation regarding the 2017 incident, which they did. By letter dated May 27, 2021, Plaintiffs

10

informed Defendants that, among other things, their firearms have always been kept "in a closet that has a combination lock that locks automatically when closed, in a safe within that closet, and with a trigger lock at all times." [Exhibit 3].

74. Plaintiffs' letter also informed Defendants that, in 2017, they showed the responding officers where their firearms were kept and that the officers "agreed that they were safely secured and not within our son's reach." [Exhibit 3].

75. Over a year later, Defendants continue to knowingly ban Plaintiff's possession of firearms and keep Plaintiffs' property from them, in deliberate disregard for Plaintiffs' constitutional rights under the Second, Fourth, and Fourteenth Amendments.

76. The initial seizure of Plaintiffs' firearms was unlawful and unreasonable as Plaintiffs have no disqualifiers to the possession of firearms.

77. Defendants' continued possession of Plaintiffs' property (firearms) is unlawful and unreasonable as Plaintiffs have no disqualifiers to the possession of firearms.

78. Defendants' ban on Plaintiffs' right to possess and carry firearms for self-defense violates the Second and Fourteenth Amendments.

79. Defendants' seizure of Plaintiffs' handguns was unlawful, unreasonable, and in violation of the Fourth and Fourteenth Amendments.

80. Defendants' continued seizure of Plaintiffs' handguns violates the Fourteenth Amendment.

81. Plaintiffs have not been accused of any crime or unlawful conduct by Defendants or anyone else, nor have they committed any criminal act.

82. The Department's policies and procedures of suspending, revoking[1] and/or refusing to issue a pistol license[2] based on a licensee's (or applicant's) relationship with a third party who is or may be prohibited from legally possessing firearms subjects the County to *Monell* liability.

83. Defendants acted in concert and aided/abetted one another in the violations of Plaintiffs' constitutional rights as described herein.

84. Defendants' actions have caused Plaintiffs to suffer, *inter alia,* loss of the use and enjoyment of their private property, harm to their reputation, loss of property, economic damages, violations of their civil rights, presumed damages resulting from the violation of their constitutional rights, emotional pain and suffering, and they have otherwise been rendered sick and sore.

## COUNT I
### U.S. CONST., AMEND. II and XIV, 42 U.S.C. § 1983

85. Repeat and reallege paragraphs "1" through and including "84".

86. Under the theory that each and every defendant is liable to plaintiffs for violations of their preexisting rights as protected by the Second and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983.

## COUNT II
### U.S. CONST., AMEND. IV, 42 U.S.C. § 1983

87. Repeat and reallege paragraphs "1" through and including "86".

88. Under the theory that each and every defendant is liable to plaintiffs for violations of their Constitutional Rights under the Fourth Amendment, 42 U.S.C. § 1983.

---

[1] See, *Torcivia v. Suffolk County, et al.*, 15 Civ. 1791 (EDNY) (GB) (grounds for Suffolk County's 2014 revocation of plaintiff's pistol license included (i) plaintiff's daughter had been 'treated for mental health issues'; (ii) aided calls to the home related to his daughter; and (iii) plaintiff's failure to notify the Licensing Bureau of the foregoing).
[2] See, *Milau v. Suffolk County*, *et al.*, 17 Civ. 6061 (EDNY) (JS) (pending) (Suffolk County refuses to issue a pistol license to the plaintiff so long as his son (who is legally prohibited by a disqualifying misdemeanor conviction from possessing firearms) continues to reside with him.

12

## COUNT III
## U.S. CONST., AMEND. XIV, 42 U.S.C. § 1983

89. Repeat and reallege paragraphs "1" through and including "88".

90. Under the theory that each and every defendant is liable to plaintiffs for violations of their Constitutional Rights under the Fourteenth Amendment right to pre-deprivation due process, 42 U.S.C. §1983.

## COUNT IV
## U.S. CONST., AMEND. XIV, 42 U.S.C. § 1983

91. Repeats and realleges paragraphs "1" through and including "90".

92. Under the theory that each and every defendant is liable to plaintiffs for violations of their Constitutional Rights under the Fourteenth Amendment right to post-deprivation due process, 42 U.S.C. §1983.

## COUNT V
## *MONELL* LIABILITY

93. Repeats and realleges paragraphs "1" through and including "92".

94. Under the theory that, by creating, maintaining, enforcing, following, and/or applying the unconstitutional policy described herein, the County of Suffolk is liable to the plaintiff under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for the violations of his Constitutional Rights as plead herein, 42 U.S.C. §1983.

WHERFORE, a Judgment is respectfully requested:

- Awarding a permanent injunction against the Suffolk County policies and procedures detailed herein, to wit, (i) banning an individual's possession and/or carriage of firearms for self-defense based on the actions, condition, and/or status of third parties; (ii) banning an individual's possession and/or carriage of firearms based on who the individual resides

13

with; (iii) banning an individual's possession and/or carriage of firearms because the individual did not provide notification to the Licensing Bureau of events that have no bearing on the individual's eligibility to possess firearms; and (iv) requiring individuals to provide medical and/or mental health records as a condition of issuing and/or renewing a pistol license;

- Ordering the immediate restoration and reinstatement of plaintiffs' New York State Pistol Licenses;
- Declaring the policies and procedures described herein to in violation of the U.S. Constitution, Amendments II, IV, and XIV;
- Ordering the return of Plaintiffs' property;
- Awarding against each and every defendant compensatory, exemplary damages as the jury may determine;
- Awarding against each and every individually named defendant punitive damages as the jury may determine;
- Awarding against each and every defendant economic damages;
- Awarding costs, disbursements and reasonable statutory attorney's fees;
- Granting such other, further, and different relief as to this Court seems just, equitable, and

proper.

Dated: July 20, 2022
      Scarsdale, New York

                          THE BELLANTONI LAW FIRM, PLLC
                          *Attorneys for Plaintiffs*

By:   *Amy L. Bellantoni*
        Amy L. Bellantoni (AB3061)
        2 Overhill Road, Suite 400
        Scarsdale, New York 10583
        (914) 367-0090 (t)
        (888) 763-9761 (f)

15

# VERIFICATION

STATE OF NEW YORK )
                                  )ss.:
COUNTY OF SUFFOLK )

THOMAS LAMARCO, being duly sworn, deposes and says:

I am a plaintiff in this action; I have read the attached Verified Complaint by my attorney Amy L. Bellantoni, the factual portion of which is true and accurate to my personal knowledge except to the extent alleged upon information and belief and as to the latter I believe them to be true, under the penalty of perjury.

Thomas L LaMarco *Thomas L LaMarco*

Thomas LaMarco

State of Texas
County of Hays
Sworn to before me this
    day of July, 2022

*Liliana Lois*
Notary Public
Liliana Lois   Notary Public, State of Texas
Commission # 133411155
Commission exp. 10/25/2025

| | Liliana Lois |
|---|---|
| NOTARY PUBLIC STATE OF TEXAS | ID NUMBER 133411155 COMMISSION EXPIRES October 25, 2025 |

Notarized online using audio-video communication

# How to Verify This Transaction

Every Notarize transaction is recorded and saved for a minimum of five years. Whether you receive an electronic or printed paper copy of a Notarize document, you can access details of the transaction and verify its authenticity with the information below.

**To get started, visit verify.notarize.com and enter this information:**

| Notarize ID: | DSXWCGPW |
|---|---|
| Access PIN: | 52B8PU |

For more information on how to verify Notarize transactions, please visit:
support.notarize.com/notarize-for-signers/verifying-document-authenticity


Notarize

# VERIFICATION

STATE OF ~~NEW YORK~~ Virginia )
)ss.:
COUNTY OF ~~SUFFOLK~~ Chesterfield )

DIANE LAMARCO, being duly sworn, deposes and says:

I am a plaintiff in this action; I have read the attached Verified Complaint by my attorney Amy L. Bellantoni, the factual portion of which is true and accurate to my personal knowledge except to the extent alleged upon information and belief and as to the latter I believe them to be true, under the penalty of perjury.

*Diane L LaMarco*

Diane LaMarco

Sworn to before me this
22nd day of July, 2022

*[signature]*
Notary Public

Jermeisha Curtia Justiniano

REGISTRATION NUMBER
7888145
COMMISSION EXPIRES
June 30, 2024

Notarized online using audio-video communication