

August 5, 2024

**VIA ECF**

Hon. Gary R. Brown
U.S. District Court, EDNY
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

    Re:    *LaMarco v. Suffolk County*
               22 Civ. 4629 (GRB) (JMW)

Your Honor,

    I represent the plaintiffs, Thomas and Diane LaMarco, in the above-referenced matter. Please accept the following in response to the defendants' July 31, 2024 letter.

    On July 1, 2024, the plaintiffs' motion for summary judgment was submitted to the Court, fully briefed and prepared for consideration. On July 2, this Court graciously offered the defendants a second bite – an additional opportunity to meet their legal burden of proving that Suffolk County's policies are consistent with the plain text of the Second Amendment and America's historical traditions, as required by *Heller, McDonald, Caetano, Bruen*, and now *Rahimi*.

    But the defendants did not comply with the Court's Order; they disregarded it in favor of their own agenda, opining that "it would not be wise to continue litigating" this case. Verily, it would have been *wise* to terminate their unconstitutional policies immediately.

    For over a decade, Suffolk County has prevented law-abiding people from possessing handguns in their homes for self-defense because a *cohabitant* is prohibited from possessing firearms (a "prohibited person") and/or because their made-up handbook 'rules' were not observed. From *Torcivia v. Suffolk County* 15 Civ. 1791 (GRB), through *Milau v. Suffolk County*, 17 Civ. 6061 (JS/SIL), *LaMarco v. Suffolk County* (GRB), and only God knows how many other citizens SCPD has bullied and victimized, the defendants have enforced these policies in flagrant disregard for the Constitution.

    The County has filed documents with this Court and voraciously defended policies that are unquestionably repugnant to the Constitution. Now having their feet held to the flames, the defendants urgently seek to avoid a judicial order – as if this situation were under their control.[1]

---

[1] Notably, the plaintiff's motion for summary judgment is also pending in *Milau* challenging the same policy, yet the County has made no similar notification to Judge Seybert or Magistrate Locke.

2 Overhill Road, Suite 400      *info@bellantoni-law.com*      (914) 367-0090 (t)
Scarsdale, New York 10583      www.bellantoni-law.com      (888) 763-9761 (f)

      The defendants could have terminated their policies at any time – still, they have not. The fact that the County speaks of "changes," rather than just *stopping*, amplifies their obstinance.

      Voluntary acts are easily changed, blurred, and old ways reinstated. SCPD cannot be trusted to censor itself. Only a judicial Order will guarantee an end to Suffolk County's conduct - and provide recourse should they not obey.

      In light of Suffolk County's forfeiture and concession that its policies are legally indefensible, Plaintiffs respectfully request that this Court grant summary judgment in their favor and order the permanent injunction of Suffolk County policies preventing and otherwise interfering with the possession of handguns by non-disqualified individuals because they (i) reside with a "prohibited person" and/or (ii) 'disobey' provisions of the "Pistol License Bureau Handbook" that impose requirements on licensees beyond what is required under state and federal law.[2] Plaintiffs further request that this Court schedule a hearing for a determination of damages to be held in September, as the Court's schedule permits.

      Thank you for the Court's consideration.

Respectfully,

*Amy L. Bellantoni*
Amy L. Bellantoni

cc: Arlene Zwilling (ECF)

---

[2] See e.g., *Goldstein v. Schwartz*, 185 A.D.3d 929 (2d Dept. 2020) (firearms licensing officers are without authority to impose any requirements on licensees/applicants "beyond the scope of [their] powers to either deny or grant the application") citing Penal Law § 400.00 [4-a]).