**EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS LAMARCO and DIANE LAMARCO,

                              Plaintiffs,                 22 Civ. 4629 (GRB) (JMW)

       -against-                             **ORDER AND**
                                          **CONSENT DECREE**

SUFFOLK COUNTY, New York, Commissioner
ROBERT WARING, Individually and in his
Professional capacity, Captain WILLIAM SCRIMA,
Individually, Sgt. WILLIAM WALSH, Individually,
Police Officer CIARA PLIHCIK, Individually,

                              Defendants.
------------------------------------------------------------x

## I. INTRODUCTION

### A.  <u>The Action</u>

1.      A Complaint for Declaratory and Injunctive Relief ("The Action") was filed on

August 5, 2022 against the Suffolk County Police Commissioner (the "Police Commissioner") in

his official capacity, Suffolk County, New York ("Suffolk County"), Sergeant William Walsh,

("Walsh") in his individual capacity and, *inter alia*, Police Officer Ciara Plihcik ("Plihcik") in her

individual capacity (hereinafter referred to collectively as "Defendants"). The Plaintiffs are

Thomas LaMarco and Diane LaMarco ("Plaintiffs"). Plaintiffs and Defendants are referred to

hereinafter collectively as the "Parties." All Defendants have been served. Counsel for all

Defendants has appeared in this action and Answered; Plaintiffs' motion for summary judgment

is fully submitted for consideration.

2.      For over a decade, Suffolk County has enforced a policy through its Pistol

Licensing Bureau that bars the issuance of, and requires the suspension and/or revocation of, a

New York State pistol license to individuals who reside with a cohabitant who is disqualified from possessing firearms and/or who the Licensing Bureau perceives to be disqualified from possessing firearms (the "Policy"). Under the Policy, if one member of the household is a person prohibited from possessing firearms, everyone in the household is treated as a 'prohibited person.'

Defendants Walsh and Plihcik, by and through their uncontroverted sworn testimony admit these allegations. Suffolk County, by and through the Suffolk County Pistol Licensing Handbook, and the testimony of Walsh and Plihcik, admits the existence and enforcement of the Policy.

Plaintiffs allege that the Policy violates their rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution.

### B. Mutual Recognition of Principles

1.      The Parties recognize the importance of the rights protected by the Second, Fourth, and Fourteenth Amendments to the United States Constitution. Accordingly, the Parties have reached a settlement of all the claims in the Action, which includes the imposition of this Order and Consent Decree (the "Consent Decree").

## II.    GENERAL PROVISIONS

1.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C. § 1391(b).

2.      This Consent Decree shall become effective and binding upon the Parties immediately upon the Court's entry hereof.

3.      The Consent Decree shall be in effect in perpetuity unless rendered obsolete by the terms contained in Section III, Paragraph 2, herein.

4. Subject to a determination of damages, costs, and statutory attorney's fees, the Action shall be dismissed, but the Court shall specifically retain jurisdiction to enforce this Consent Decree.

5. Any action to enforce this Consent Decree shall only be brought in the United States District Court of the Eastern District of New York.

6. The Consent Decree shall be enforceable by the named Plaintiffs, Thomas LaMarco and Diane LaMarco. No Defendant shall object to the standing of the Plaintiffs in any contempt proceeding to enforce any provision of this Consent Decree.

7. Plaintiffs may substitute another New York resident as a named Plaintiff upon a showing that good cause exists for withdrawal of the current Plaintiffs as to which substitution is sought, including but not limited to the factors expressly enumerated in Rule 25 of the Federal Rules of Civil Procedure, subject to the approval of the Court. This Consent Decree shall be binding on, and fully enforceable by, the Parties as well as by all persons who reside within the jurisdiction of the Suffolk County Police Department.

## III. THE COHABITATION POLICY

1. For the purposes of this Consent Decree, the term "Cohabitation Policy" shall mean the prohibition, restriction, inhibition and/or interference with an individual's ability to possess firearms for reasons related to the disqualification, prohibited status, and/or perceived ineligibility of a cohabitant to possess firearms, including the requirement that applicants and/or licensees disclose such information concerning their cohabitants to Defendants.

2. Suffolk County, the Suffolk County Police Commissioner, their officials, agents, employees, attorneys, successors and all persons in active concert or participation with them shall not adopt any orders, resolutions, ordinances, policies, or practices which have the purpose

or effect of directly or indirectly prohibiting, restricting, inhibiting, and/or interfering with an individual's ability to possess firearms based on the disqualification, prohibited status, and/or perceived ineligibility of a cohabitant to possess firearms, and/or an individual's failure to disclose such information concerning their cohabitants, unless a statute or law of the State of New York is adopted or amended to specifically prohibit, restrict, or inhibit the possession of firearms because of the prohibited status of a cohabitant, and such statute or law is not held violative of the United States Constitution or the New York State Constitution by a court of competent jurisdiction.

The foregoing is hereby APPROVED and ORDERED in the United States District Court for the Eastern District of New York, this the _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE