UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THOMAS LAMARCO and DIANE LAMARCO,

                              Plaintiffs,                          22 Civ. 4629 (GRB) (JMW)

   -against-

SUFFOLK COUNTY, New York,  et al.,

                              Defendants.
-------------------------------------------------------------x


# PLAINTIFFS' MEMORANDUM OF LAW

# IN SUPPORT OF

# MOTION FOR ATTORNEY'S FEES AND COSTS


**THE BELLANTONI LAW FIRM, PLLC**
*Attorneys for Plaintiffs*
**2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com**

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT .......................................................................................... 1

BACKGROUND OF THE LITIGATION ........................................................................... 1

LEGAL STANDARD ........................................................................................................... 5

I. PLAINTIFFS ARE PREVAILING PARTIES, ENTITLED TO ATTORNEY'S FEES .............. 5

II. PLAINTIFFS' ATTORNEY'S FEES ARE REASONABLE .................................................. 6

      A. Standard for Determining A Reasonable Hourly Rate .................................... 7

      B. The Degree of Success is the 'Most Critical Factor' ....................................... 8

      C. $550 Per Hour is A Reasonable Rate in this Case ........................................... 9

III. THE BILLING SHEETS REFLECT REASONABLE HOURS ........................................... 11

IV. THE COSTS IN THIS MATTER ARE REASONABLE AND RECOVERABLE ................ 12

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aptive Env't, LLC v. Vill. of E. Rockaway, New York*,
   2022 WL 5434178 (E.D.N.Y. July 8, 2022) ................................................................. 5

*Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*,
   522 F.3d 182 (2d Cir. 2008) ....................................................................................... 6

*Asseng v. Beisel*,
   No. CV 14-5275 (AYS), 2024 WL 669871 (E.D.N.Y. Feb. 19, 2024) ..................... 12

*Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric*,
   652 F.3d 277 (2d Cir. 2011) ....................................................................................... 7

*Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human*,
   532 U.S. 598, 121 S. Ct. 1835 (2001) ........................................................................ 5

*Centro de la Comunidad Hispana de Locust Valley*,
   2019 WL 2870721 (E.D.N.Y. June 18, 2019) ............................................................ 8

*City of Riverside v. Rivera*,
   477 U.S. 561 (1986) .................................................................................................... 9

*Claud v. Brown Harris Stevens of the Hamptons, LLC*,
   2024 WL 245261 (Jan. 23, 2024) ............................................................................. 11

*E. Sav. Bank, FSB v. Whyte*,
   2015 WL 790036 (E.D.N.Y. Feb. 24, 2015) ............................................................... 7

*Farrar v. Hobby*,
   506 U.S. 103 (1992) .................................................................................................... 5

*Feltzin v. Union Mall LLC*,
   393 F. Supp. 3d 204 (E.D.N.Y. 2019) ........................................................................ 8

*Ganci v. U.S. Limousine Serv. Ltd.*,
   2015 WL 1529772 (E.D.N.Y. Apr. 2, 2015) ............................................................. 13

*Garcia v. City of New York*,
   2013 WL 5574507 (E.D.N.Y. Oct. 9, 2013) ............................................................. 13

*Hanover Ins. Co. v. D'Angelo*,
   2018 WL 2729248 (E.D.N.Y. Mar. 23, 2018) .......................................................... 13

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) .................................................................................................... 5, 9

*Kirsch v. Fleet St., Ltd.*,
    148 F.3d 149 (2d Cir. 1998) ............................................................................................ 12

*Kuzma v. I.R.S.*,
    821 F.2d 930 (2d Cir. 1987) ............................................................................................ 13

*LeBlanc-Sternberg v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998) ............................................................................................ 12

*Lilly v. City of New York*,
    934 F.3d 222 (2d Cir. 2019) .............................................................................................. 6

*Luca v. County of Nassau*,
    698 F. Supp. 2d 296 (E.D.N.Y. 2010) ............................................................................... 7

*Maldonado v. Srour*,
    2016 WL 5864587 (E.D.N.Y. Oct. 6, 2016) ...................................................................... 6

*Millea v. Metro-North R. Co.*,
    658 F.3d 154 (2d Cir. 2011) .............................................................................................. 6

*Nat'l Env't Safety Co., Inc. v. Katz*,
    2019 WL 1994049 (E.D.N.Y. May 6, 2019) ................................................................... 11

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
    597 U.S. 1, 142 S. Ct. 2111 (2022) ................................................................................... 3

*Passalacqua v. Cnty. of Suffolk*,
    2022 WL 21795141 (E.D.N.Y. Dec. 9, 2022) ................................................................... 3

*Pennacchio v. Powers*,
    2011 WL 2945825 (E.D.N.Y. July 21, 2011) .................................................................. 13

*Raja v. Burns*,
    43 F.4th 80 (2d Cir. 2022) ................................................................................................ 9

*Remache v. Mac Hudson Group*,
    2018 WL 4573072 (E.D.N.Y. Sept. 7, 2018) .................................................................. 12

*Remache v. Mac Hudson Group*,
    2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018) ................................................................ 12

*Rosario v. City of New York*,
   2023 WL 2523624 (S.D.N.Y. Mar. 15, 2023) .................................................................. 8, 9

*Rudler v. Houslanger & Assocs., PLLC*,
   2020 WL 473619 (E.D.N.Y. Jan. 29, 2020) ....................................................................... 8

*Schwartz v. United States Drug Enforcement Administration*,
   2019 WL 1299192 (E.D.N.Y. March 1, 2019) ................................................................. 11

*Schwartz v. United States Drug Enforcement Administration*,
   2019 WL 1299660 (E.D.N.Y. Mar. 21 2019) ................................................................... 11

*Taveras v. City of New York*,
   2024 WL 756361 (S.D.N.Y. Feb. 23, 2024) ..................................................................... 11

*Torcivia v. Suffolk County*,
   409 F. Supp. 3d 19 (E.D.N.Y. 2019) ......................................................................... 2, 3, 10

*Torcivia v. Suffolk County*,
   437 F. Supp. 3d 239 (E.D.N.Y. 2020) ............................................................................ 5, 8

*United States v. Rahimi*,
   2024 WL 3074728 (U.S. June 21, 2024) ............................................................................ 3

*United States v. Sixty-One Thousand Nine Hundred Dollars and No Cents*,
   856 F. Supp. 2d 484 (E.D.N.Y. 2012) ...................................................................... 7, 8, 10

**Statutes**

28 U.S.C. § 1920 ........................................................................................................................ 13
42 U.S.C. § 1983 .......................................................................................................................... 1
42 U.S.C. § 1988 ........................................................................................................... 1, 5, 9, 13
New York State Mental Hygiene Law § 9.39 ............................................................................. 4
New York State Mental Hygiene Law § 9.45 ............................................................................. 4

**Rules**

Fed. R. Civ. P. 54(d) .................................................................................................................... 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the plaintiffs' motion for attorneys' fees and costs under 42 U.S.C. § 1983 and Fed. R. Civ. P. 54(d). Thomas and Diane LaMarco ("Plaintiffs") brought the underlying action against Defendant Suffolk County, New York (the "County") and various individually named defendants under 42 U.S.C. § 1983 for violations of their constitutional rights as codified in the Second Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

The Bellantoni Law Firm, PLLC, by and through attorney Amy L. Bellantoni, represented Plaintiffs against the County throughout the proceedings herein. (See, Declaration of Amy L. Bellantoni dated March 17, 2025 ("Bellantoni Declaration"). As set forth below, Plaintiffs are a "prevailing party" in this litigation such that an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 is appropriate. Plaintiffs seek $43,175 in attorney's fees and $4,306.09 in costs.

## BACKGROUND OF THE LITIGATION[1]

Plaintiffs commenced this litigation with the filing of a Verified Complaint on August 5, 2022 to seek redress for the violation of their constitutional rights as protected by the Second and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs challenged a Suffolk County policy that required the suspension of their New York State pistol licenses and confiscation of their property (handguns) because they reside with a person who is prohibited from possessing firearms.

Plaintiffs, who have no disqualifiers to firearm possession under state or federal law, have owned handguns and long guns for years, without incident. In 2021, Diane LaMarco ("Diane")

---

[1] The following facts are taken from Plaintiffs' Local Rule 56.1 Statement [DE 28-12].

1

filed an application with the Suffolk County Pistol Licensing Bureau ("PLB") to renew her pistol license. The PLB's investigation into Diane's renewal application revealed that the Suffolk County Police Department ("SCPD") had responded to the LaMarco home on three (3) prior occasions over the years when the LaMarco's called for an ambulance for their adult son to be transported to a hospital for a mental health evaluation.

Because the police responded to the LaMarco's home for reasons relating to a cohabitant's firearms disqualification, the PLB suspended Plaintiffs' pistol licenses. The PLB Policy, which reaches farther than disqualifiers related to 'mental health,'[2] has been in effect for over a decade[3], affecting an unknown number of Suffolk County residents.[4]

Although Plaintiffs' firearms were, at all times, properly secured in their gun safe and unable to be accessed by a third party, including their adult son, PLB Policy required the LaMarcos' pistol licenses to be suspended and their handguns to be confiscated. According to the PLB, the "safe storage" of firearms is irrelevant.

Plaintiffs engaged in paper and testimonial discovery, including taking the deposition of SCPD Lieutenant Michael Komorowski, Sergeant William Walsh, and Police Officer Ciara Plihcek. Discovery in this litigation confirmed the PLB Policy: "if one person in the household is not eligible to possess firearms, the entire household is held to that [standard]." The Policy has been in effect at least since Defendant Plihcek began working in the License Bureau in 2017. The events underlying the claims in the *Torcivia* case occurred in 2014 and involve the same Policy.

---

[2] See e.g., *Milau v. Suffolk County*, 2:17-cv-06061-JS-SIL, Report and Recommendation dated February 13, 2025 [DE 60].
[3] See e.g., *Torcivia v. Suffolk County,* 409 F. Supp. 3d 19, 35-36 (E.D.N.Y. 2019), aff'd, 17 F.4th 342 (2d Cir. 2021) ("Plaintiff alleges that the County's Pistol License Policies requiring the revocation of a pistol license where (1) the licensee resides with an individual who has been treated for mental health issues…and (3) the licensee fails to notify the Licensing Bureau that police responded to his home violated his Second Amendment rights.").
[4] See e.g., *Milau*, *Torcivia*, *Webber v. Suffolk County*, 2:24-cv-06387-GRB-JMW, *Guido v. Suffolk County*, 2:24-cv-07766-SJB-JMW.

Upon the conclusion of discovery, a briefing schedule was set Plaintiffs to file their motion for summary judgment. In accordance with Judge Brown's "bundling rule," the fully briefed motion was filed with the Court via ECF on July 1, 2024 and the requisite courtesy copies of the e-filed submissions were forwarded to his chambers.

The next day, on July 2, 2024, Judge Brown ordered the County to "file a supplemental brief setting forth its position on the proper application of *Bruen* and *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024) to the pending motion within 10 days. Counsel for plaintiffs shall have two weeks to file a response. Given the absence of a good faith basis for the County's position [in defending Plaintiffs' summary judgment motion], the Court will, pursuant to Rule 11, award Plaintiffs attorneys' fees for the preparation of this supplemental brief."[5]

Unable to identify any viable legal defense to Plaintiffs' Second Amendment challenge, the County attempted to avoid the issuance of a judicial order striking its Policy. Instead of filing a supplemental brief, the County filed a letter indicating that it "now believes that it would not be wise to continue litigating the question of whether the alleged policies challenged in this case comport with the Second Amendment" and allegedly sought to "mak[e] policy changes" instead [DE 30]. Judge Brown directed the parties to explore entering into a Consent Decree to be So Ordered.

---

[5] Indeed, the Court observed Defendants' "fail[ure] to argue the proper application of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022) by dodging the issue, asserting that the subject matter of this case is somehow outside the ambit of the Second Amendment. See Docket Entry 28-35 at 11-13. This assertion is spurious, seemingly interjected for dilatory purposes. It is obvious that this case involves the proper application of the Second Amendment, and arguments surrounding *Bruen* are critical to its proper resolution. Indeed, Ms. Zwilling, the Assistant County Attorney handling this case, is well aware of the applicability of the Second Amendment given her work in *Torcivia v. Suffolk Cnty., New York*, 409 F. Supp. 3d 19, 36 (E.D.N.Y. 2019), aff'd, 17 F.4th 342 (2d Cir. 2021) ("There can be no question that [Suffolk County's] Revocation and Seizure Policies implicated conduct within the scope of the Second Amendment. At least least [sic] one of the Policies resulted in the revocation of Plaintiff's pistol license and the temporary seizure of Plaintiff's firearms, and limited Plaintiff's ability to possess handguns."). Moreover, the County's assertion that *Bruen* is not retroactive is equally preposterous. See, e.g., *Passalacqua v. Cnty. of Suffolk*, No. 19-CV-5738 (GRB)(SIL), 2022 WL 21795141, at *3 (E.D.N.Y. Dec. 9, 2022) ("Further, the fact that the events at issue took place prior to the Supreme Court's decision in *Bruen* has no bearing on its applicability to the present motions.") (citation omitted)."

3

With the aid and assistance of Magistrate James M. Wicks, on January 23, 2025 the parties entered into a negotiated Consent Decree, which was So Ordered by Judge Brown on January 31, 2025 [DE 38].

The Consent Decree is comparable to a permanent injunction, as it "shall be binding on, and fully enforceable by the Parties as well as by all persons who reside within the jurisdiction of [SCPD]" [DE 38 ¶5], and forecloses the County and its agents from "adopt[ing] any orders, resolutions, ordinances, policies, or practices which have the purpose or effect of directly or indirectly prohibiting, restricting, inhibiting, and/or interfering with an individual's ability to possess firearms solely based upon: (a) the disqualification, prohibited status, and/ or perceived ineligibility of an adult cohabitant who received mental health treatment, was transported for mental health evaluation and/or admitted to an inpatient facility for psychiatric treatment pursuant to New York Mental Hygiene Law Sections 9.39 through 9.45 and (b) for failing to report to Suffolk County Police Department Pistol Licensing Bureau that an adult cohabitant received mental health treatment, was transported for mental health evaluation and/or admitted to an inpatient facility for psychiatric treatment pursuant to New York Mental Hygiene Law Sections 9.39 through 9.45" [DE 38 ¶ 6; Bellantoni Ex. 1].

The terms of the Consent Decree are exclusive of damages, costs and attorney's fees [DE 38; Bellantoni Ex. 1]. The parties subsequently conferred regarding monetary damages, costs and attorney's fees and reached a resolution on the issue of monetary damages for Plaintiffs. No resolution was reached on the issue of attorney's fees and costs. This motion for costs and reasonable statutory attorney's fees follows.

**LEGAL STANDARD**

Under 42 U.S.C. § 1988(b), in civil rights cases, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." *Aptive Env't, LLC v. Vill. of E. Rockaway, New York*, No. 19CV3365DRHSIL, 2022 WL 5434178, at *3 (E.D.N.Y. July 8, 2022), report and recommendation adopted, No. 19CV3365JMASIL, 2022 WL 4376618 (E.D.N.Y. Sept. 22, 2022).

To qualify as a prevailing party, a plaintiff requesting attorneys' fees must "receive at least some relief on the merits of his claim" that creates a "material alteration of the legal relationship of the parties...." *Id.* quoting, *Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 1839-40 (2001) (internal citations and quotations omitted).

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* quoting, *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the plaintiff has established that s/he is a prevailing party under Section 1988, the court must consider what fee award is "reasonable." *Id.* quoting, *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 250 (E.D.N.Y. 2020).

**I. PLAINTIFFS ARE PREVAILING PARTIES, ENTITLED TO ATTORNEY'S FEES**

Applying the standards outlined above, Plaintiffs are prevailing parties such that they are entitled to attorney's fees and costs under § 1988.

Defendants failed to present a bona fide defense to Plaintiffs' motion for summary judgment, as Judge Brown concluded. See footnote 4, *supra*. That said, Plaintiff was successful in obtaining a Consent Decree against the Policy, which benefits not only Plaintiffs but every resident

within the jurisdiction of the Suffolk County PLB; Plaintiffs' success in this case spans far greater than obtaining a remedy limited to Plaintiffs' interests.

## II. PLAINTIFFS' ATTORNEY'S FEES ARE REASONABLE

To determine reasonable attorney's fees and costs, the Supreme Court and the Second Circuit have held that the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *Aptive*, at *4 citing, *Lilly v. City of New York*, 934 F.3d 222, 230-231 (2d Cir. 2019); *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).

The reasonable hourly rate is the rate a paying client would be willing to pay bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. This method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. " *Aptive*, at *4 (cleaned up, citations omitted).

The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. *Id.* quoting, *Maldonado v. Srour*, No. 13-CV-5856 (ILG)(JO), 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016). The moving party must support its application by providing contemporaneous time records that detail for each attorney, the date, the hours expended, and the nature of the work done. District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award. *Aptive*, at *4 (cleaned up, cases cited).

### A. Standard for Determining A Reasonable Hourly Rate

Under the "forum rule," the reasonable hourly rate is the rate a paying client would be willing to pay based on the prevailing hourly rate in the community where the district court sits. *Aptive*, at *4 quoting, *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111, 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015); *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011). To determine this amount, courts consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Separate findings for each factor, however, are unnecessary. Rather, the factors should be considered together, and no one factor is dispositive. *Aptive*, at *4 (cleaned up, citations omitted).

In applying the "forum rule," the district courts in this Circuit have recognized that no bright line exists between reasonable rates for the Eastern and Southern Districts of New York. Indeed, judges in this District have observed that the two districts "form a unitary market for legal services." *Id.* quoting, *Luca v. County of Nassau*, 698 F. Supp. 2d 296, 300-01 (E.D.N.Y. 2010); see also *United States v. Sixty-One Thousand Nine Hundred Dollars and No Cents*, 856 F. Supp. 2d 484, 492 (E.D.N.Y. 2012). While "fees have been awarded in the Eastern District of New York at hourly rates of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals in fee-shifting cases," *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019); *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 251-52 (E.D.N.Y. 2020) there is also precedent within this District awarding rates as high as $600 depending upon the experience of the

7

lawyer and complexity of the matter. *Aptive*, at * 4 citing, *Centro de la Comunidad Hispana de Locust Valley*, 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019), report and recommendation adopted, No. 10-CV-2262 (DRH), 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding $500 and $600 hourly fees in civil rights matter); *Sixty-One Thousand Nine Hundred Dollars and No Cents*, 856 F. Supp. 2d 484, 494 (E.D.N.Y. 2012) (awarding hourly rates of $600 for partner and $400 for associate in forfeiture matter).

Also considered are the additional factors identified in this District's fee jurisprudence: the type of case presented, the nature of the litigation, and the size of firm employed, the labor and skill required, the difficulty of the questions, the attorney's customary hourly rate, and the experience, reputation and ability of the attorney. See, *Rudler v. Houslanger & Assocs., PLLC*, No. 18CV7068SFJAYS, 2020 WL 473619, at *5 (E.D.N.Y. Jan. 29, 2020).

The impact of this result on the Suffolk County community was recognized in Suffolk County's South Shore Press news: "Landmark Settlement Impacts SCPD on Gun Confiscation and Pistol Permit Revocation."[6]

### B. The Degree of Success is the 'Most Critical Factor'

The degree of success achieved is "the most critical factor" in reviewing requests for attorneys' fees. *Rosario v. City of New York*, No. 18 CIV. 4023 (LGS), 2023 WL 2523624, at *4 (S.D.N.Y. Mar. 15, 2023) citing *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (internal quotation marks omitted).

Here, Plaintiffs sought to permanently enjoin a Suffolk County policy that violated their Second Amendment rights based on the mental health disqualification of their adult son with whom they resided, as well as monetary damages, costs, and attorney's fees.

---

[6] https://southshorepress.com/stories/669828962-landmark-settlement-impacts-scpd-on-gun-confiscation-and-pistol-permit-revocation

Plaintiffs were successful in obtaining the elimination of the policy enforced against them. The Consent Decree So Ordered by Judge Brown was substantially similar to that drafted and proposed by Plaintiffs during the negotiations that took place before the settlement conference with Magistrate Wicks on January 23, 2025 (a copy of the County's proposed decree and Plaintiff's proposed decree were emailed to chambers with Plaintiffs' *ex parte* confidential settlement positions).

The Consent Decree also has wide-reaching effect, as it benefits and protects every resident within the jurisdiction of the PLB, not only the plaintiffs in this case.

The 'degree of success' achieved for Plaintiffs in this case is beyond substantial.

A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress' statutory purposes. *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022). An attorney should therefore 'recover a fully compensatory fee where the plaintiff has obtained excellent results. *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

Plaintiffs also obtained a non-nominal monetary award for their constitutional violations in the amount of $10,000. And "reasonable attorney's fees under § 1988 are not conditioned upon and need not be proportionate to an award of monetary damages. *Id.* at *5 quoting *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986); accord *Raja*, 43 F.4th at 87 ("We have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." (cleaned up).

**C. $550 Per Hour is A Reasonable Rate in this Case**

When considering the factors under *Johnson* and this District's fee jurisprudence, it is important to consider "utterly distinct marketplaces for particular kinds of legal services as well as the very different skills and knowledge that must be brought to bear in different fields of practice."

9

*United States v. Sixty-One Thousand Nine Hundred Dollars & No Cents ($61,900.00)*, 856 F. Supp. 2d 484, 494 (E.D.N.Y. 2012).

Unlike employment law or First Amendment challenges, attorneys with a practice devoted to Second Amendment litigation are rare in this district. As set forth in the accompanying Declaration, I have been practicing law for over 21 years and have developed an expertise in the Second Amendment field. My firm handles a wide-variety of firearm-related matters in state and federal court in New York including licensing, certificates of relief, red flag hearings, and related appeals and Article 78 proceedings, and litigation in the area of Second, Fourth, Fifth Amendment (Takings Clause) and Fourteenth Amendment violations. I represent clients in the Second and Ninth Circuit Courts of Appeal, and the U.S. District Courts in the Eastern District of California (pro hac vice), District of Columbia, and all four districts in New York.

The undersigned first challenged the Suffolk County policy at issue over a decade ago when it was enforced in May 2014 against the plaintiff in *Torcivia v. Suffolk Cnty., New York*, 409 F. Supp. 3d 19, 35–36 (E.D.N.Y. 2019), aff'd, 17 F.4th 342 (2d Cir. 2021).[7] The court's pre-*Bruen* analysis rationalized the policy's constitutionality. And continued to challenge the policy in *Milau v. Suffolk County* (supra) in 2017. Perseverance and fortitude has yielded great success for the residents of Suffolk County; this case presented no ordinary, run-of-the-mill civil rights matter.

In *Taveras v. City of New York*, No. 20-CV-1200 (AS), 2024 WL 756361, at *1 (S.D.N.Y. Feb. 23, 2024), the court rejected the City's argument that a deduction in the fees was warranted because the plaintiff only achieved 'limited success'[8], determining instead that the undersigned

---

[7] "Plaintiff alleges that the County's Pistol License Policies requiring the revocation of a pistol license where (1) the licensee resides with an individual who has been treated for mental health issues…and (3) the licensee fails to notify the Licensing Bureau that police responded to his home violated his Second Amendment rights...Plaintiff also claims that the County's policy of temporarily seizing an individual's firearms when that individual is transported to CPEP…violated his Second Amendment rights." *Torcivia*, 409 F.Supp.3d at 35-36.

[8] The City forced the resolution of the matter with a $10,001 Rule 68 offer after three years of litigation, including numerous motions and an appeal to the Second Circuit.

10

"received substantial relief for her client—namely, a $10,001 offer of judgment and a firearm license." The undersigned's hourly rate in *Taveras* was set at $450.

In this case, however, the rate of success exceeds that in *Taveras*. As previously noted, Suffolk County failed to proffer any viable legal defense for the Policy; the So Ordered Consent Decree is akin to having received a merits-based permanent injunction. The success achieved in this case is not limited to Plaintiffs, as it was in *Taveras*; it covers and protects *every* resident within the jurisdiction of the Suffolk County Police Department.

For the reasons stated herein, an hourly rate of $550 in this case is reasonable and appropriate. See e.g., *Claud v. Brown Harris Stevens of the Hamptons, LLC*, No. 2:18-cv-01930, 2024 WL 245261, *4 (Jan. 23, 2024) (awarding Plaintiff's attorney an hourly rate of $550 because *inter alia* "a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District."); *Schwartz v. United States Drug Enforcement Administration*, No. 13-CV-5004, 2019 WL 1299192, at *9 (E.D.N.Y. March 1, 2019) (awarding $500 hourly fee to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation), adopted by, 2019 WL 1299660 (E.D.N.Y. Mar. 21 2019); *Nat'l Env't Safety Co., Inc. v. Katz*, No. 18CV02161JMAGRB, 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019) (award based upon $500-$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case).

### III. THE BILLING SHEETS REFLECT REASONABLE HOURS

The party seeking fees must "provide accurate, detailed and contemporaneous time records. *Remache v. Mac Hudson Group*, No. 14 CV 3118, 2018 WL 4573072, at *19 (E.D.N.Y. Sept. 7, 2018), adopted by, 2018 WL 4568860, at *1 (E.D.N.Y. Sept. 24, 2018); see also *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be

11

documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done").

Attached to the Bellantoni Declaration as Exhibit 2 are the billing sheets reflecting the time spent prosecuting the claims in this matter. The total amount of hours spent by the undersigned in this matter, including making this motion for attorney's fees to date, is 83.85. At an hourly rate of $550, the **total amount of attorney's fees to date is $43,175.00**.

Note that Plaintiffs have indicated in red ink those portions of the billing sheets that reflect a 50% reduction in time spent traveling in the amount of $2,942.50, which has been deducted from the total amount of fees sought [Bellantoni Dec. Ex. 3].

The entries reflected in the billing records demonstrate that the hours spent are appropriate and proper, not redundant or unnecessary. Accordingly, no reduction of hours is warranted.

## IV. THE COSTS IN THIS MATTER ARE REASONABLE AND RECOVERABLE

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. *Asseng v. Beisel*, No. CV 14-5275 (AYS), 2024 WL 669871, at *9 (E.D.N.Y. Feb. 19, 2024), aff'd, No. 24-700, 2025 WL 728405 (2d Cir. Mar. 3, 2025) citing, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). It is well-established that "expenses recoverable under fee-shifting statutes such as 42 U.S.C. § 1988 are not limited to the costs taxable under 28 U.S.C. § 1920 and Local Civil Rule 54.1." *Asseng*, at *9 citing, *Garcia v. City of New York*, No. CV 11-2284, 2013 WL 5574507, at *9 (E.D.N.Y. Oct. 9, 2013). "Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." *Id.* citing, *Kuzma v. I.R.S.*, 821 F.2d 930, 933–34 (2d Cir. 1987).

Court filing fees, process servers, postage, and transcripts are also recoverable. *Id.* citing, *Hanover Ins. Co. v. D'Angelo*, No. CV 13-4301, 2018 WL 2729248, at *2 (E.D.N.Y. Mar. 23, 2018) (citation omitted). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Id.* citing, *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Plaintiffs are also entitled to recover the costs incurred litigating this action, which **Total $4,306.09**. Attached to the Bellantoni Declaration as Exhibit 3 are the records relating to the costs associated with this litigation and accompanying receipts.

## CONCLUSION

Plaintiffs' motion for reasonable attorney's fees and costs totaling **$47,481.09** should be granted.

Dated: March 17, 2025
      Scarsdale, New York

            THE BELLANTONI LAW FIRM, PLLC
            *Attorneys for Plaintiffs*

By: *Amy L. Bellantoni*
     Amy L. Bellantoni
     2 Overhill Road, Suite 400
     Scarsdale, New York 10583
     abell@bellantoni-law.com